IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY PARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1178-JDT-cgc |
| | ) | |
| MICHAEL PARRIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO ISSUE AND SERVE PROCESS ON DEFENDANT WOODARD

The *pro se* Plaintiff, Courtney Partin, prisoner number 350945, an inmate at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court dismissed the case *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim on which relief may be granted. (ECF No. 16.) Plaintiff filed an appeal, and the Sixth Circuit affirmed in part but vacated in part and remanded for further proceedings. *Partin v. Parris, et al.*, No. 17-6172, 2018 WL 1631663 (6th Cir. Mar. 20, 2018).

The Sixth Circuit concluded that Plaintiff's complaint sufficiently states an Eighth Amendment claim against Defendant Joseph Woodard, a Corrections Officer at the NWCX. The Court of Appeals stated:

      Lastly, Partin alleged that after he had been told to get on his knees during a search, he asked that he be allowed to sit in a different way. He claimed that Woodard "was talking bad" to him and tried to "throw" him, after which he "went to his knees with hands behind his back." Partin then alleged that six to ten unknown officers assaulted him in various ways. The district court determined that Woodard's alleged attempt to throw Partin was insufficient by itself to give rise to an Eighth Amendment violation, and that he failed to meet the subjective component of an excessive-force claim because the most severe physical assaults were inflicted by other unknown correctional officers. However, even if this court were to agree that a mere attempt to throw Partin was insufficient by itself to give rise to an Eighth Amendment violation, Woodard could still be found liable under the Eighth Amendment for failing to intervene when the other officers allegedly attacked Partin. *See Burgess [v. Fischer]*, 735 F.3d [462, 475 (6th Cir. 2013)]. Although Partin does not directly state that Woodard watched while the other officers assaulted him, a liberal construction of the complaint implies that the alleged assaults began immediately after Woodard attempted to throw Partin. Consequently, Partin made sufficient factual allegations to support an Eighth Amendment claim against Woodard.

2018 WL 1631663, at *3.

In accordance with the Sixth Circuit's order, the Clerk is ORDERED to issue process for Defendant Joseph Woodard and and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Woodard pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. Service shall include a copy of this order. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on the attorneys for the Defendant or on the Defendant if he is unrepresented. Plaintiff shall make a certificate of service on every document filed. Plaintiff

shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.