# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY PARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1178-JDT-cgc |
| | ) | |
| MICHAEL PARRIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING BILL OF COSTS

The Court initially dismissed the complaint filed by Plaintiff Courtney Partin, a prisoner acting *pro se*, prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim; however, leave to amend was granted. (ECF No. 5.) Subsequently, the Court also dismissed Partin's amended complaint prior to service of process and entered judgment. (ECF Nos. 16 & 17.) Plaintiff filed a notice of appeal (ECF No. 18), and the Court assessed the $505 appellate filing fee in installments in accordance with 28 U.S.C. §§ 1915(a)-(b). (ECF No. 24.) On appeal, the Sixth Circuit Court of Appeals affirmed the dismissal except for one claim against Defendant Joseph Woodard, which was vacated and remanded. *Partin v. Parris, et al.*, No. 17-6172, 2018 WL 1631663 (6th Cir. Mar. 20, 2018). On April 19, 2018, Partin filed what he has titled a Bill of Costs, purportedly under 28 U.S.C. § 1920, contending that he prevailed on appeal. (ECF No. 32.) The only cost he seeks is the $505 appellate filing fee.

In accordance with Federal Rule of Appellate Procedure 39(a), costs on appeal are generally taxed in favor of the prevailing party. However, Rule 39(a)(4) provides: "if a judgment is affirmed

in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." The Sixth Circuit's Mandate, issued on April 11, 2018, specified that the appellate court taxed no costs in Partin's appeal. (*See* ECF No. 29.) Nevertheless, Rule 39(e) specifies that certain costs on appeal are "taxable in the district court for the benefit of the party entitled to costs under this rule." One of the specifically enumerated costs that may be taxed by the district court is the appellate filing fee. Fed. R. App. P. 39(e)(4).

Although the appellate filing fee may be taxed as a cost, that is not what Partin is asking the Court to do in this case. Both Partin's complaint and his amended complaint were dismissed before any defendant was served with process. Therefore, there was no defendant/ appellee who appeared in either this Court or the Court of Appeals and against whom the costs of the appeal may be taxed. Instead, Partin states in the Bill of Costs that he "request that the clerk confirm that he has paid the entire amount and because he is prevail on appeal that his funds be refunded to him." (ECF No. 32.) Thus, Partin actually seeks a waiver of the appellate filing fee.

Payment of the appellate filing fee is not dependent on the outcome of the appeal. Neither Federal Rule of Appellate Procedure 39 nor 28 U.S.C. § 1920 nor any other court rule or statute authorizes the Court to refund the appellate filing fee under these circumstances. Therefore, Partin's present Bill of Costs is DENIED. If Partin ultimately prevails on his claim against Defendant Woodard, he may file a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d) at the appropriate time.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE