UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| COURTNEY PARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   No. 16-1178-JDT-cgc |
| | ) |
| JOSEPH WOODARD, | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court issued an order on October 21, 2020, granting *pro se* Plaintiff Courtney Partin's motion for default judgment against Defendant Joseph Woodard and referring this matter to U.S. Magistrate Judge Charmiane G. Claxton to take evidence and determine the amount of damages, if any, to which Plaintiff is entitled. (ECF No. 63.) At the time, it does not appear Plaintiff was incarcerated. On January 4, 2021, Magistrate Judge Claxton set a hearing, via remote access, for February 16, 2021. (ECF No. 64.) The order also directed Plaintiff to submit, on or before January 29, 2021, a memorandum regarding his claims and the damages he would be prepared to prove at the hearing.[1] (*Id.* at PageID 365.)

---

[1] The events giving rise to the claims against Defendant Woodard occurred during Plaintiff's previous incarceration at the Northwest Correctional Complex in Tiptonville, Tennessee.

The Court received a letter from Plaintiff's mother on January 25, 2021, advising that Plaintiff had been incarcerated at the Campbell County Jail since November 10, 2020, and stating there was no prisoner mail going in or out of that facility. (ECF No. 69.) The Magistrate Judge thus reset the damages hearing to April 19, 2021. (ECF No. 70.) Two weeks before that hearing date, the Court received another change of address indicating Plaintiff was no longer in prison. (ECF No. 73.) The hearing date was again rescheduled, to July 26, 2021. (ECF No. 74.)

Yet another notice of change of address was received on June 22, 2021, this time indicating Plaintiff was incarcerated at the Laurel County Correctional Center (LCCC) in London, Kentucky. (ECF No. 76.) Accompanying that address change was a letter from his mother purporting to describe the events that gave rise to this case. (ECF No. 77.) Plaintiff did not make himself available for the July 26 hearing or submit any other documentary evidence regarding his damages.

Magistrate Judge Claxton issued a Report and Recommendation (R&R) on July 29, 2021, in which she recommended that no damages be awarded to Plaintiff due to his failure to make himself available for the hearing[2] or to submit any evidence of his damages. (ECF No. 78.) Plaintiff filed objections to the R&R on August 16, 2021. (ECF No. 79.) He still does not, however, include with those objections any evidence regarding his damages. Instead, he sets out his various moves and changes of address and states that his mother is

---

[2] Plaintiff does not state in his objections whether he approached prison officials at the LCCC about whether it would be possible for him to access the July 26 remote hearing from that facility.

his only help. He refers several times to video footage of the incident at the NWCX, which he states he has repeatedly asked to view or asked for the Court to view. However, it is Plaintiff's responsibility to submit the evidence on which he wishes to rely—the Court cannot obtain evidence for him by merely ordering the NWCX to turn over video footage or anything else.

The Court finds Plaintiff's objections to the R&R are not well taken. Even if he could not make himself available for the July 26 remote hearing due to his incarceration, he has made no attempt to otherwise prove his damages by submitting any actual documentation, such as an affidavit or declaration made under penalty of perjury. The R&R is therefore ADOPTED, and Plaintiff will be awarded no damages in this case.

In accordance with the order issued October 21, 2020 (ECF No. 63), judgment by default will be entered in favor of the Plaintiff, Courtney Partin, against Defendant Joseph Woodard; however, Plaintiff is awarded no damages in this matter.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal in this matter by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare the judgment as directed above.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE